UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D. PUCHNER,

               Petitioner,

                                    Case No. 19-cv-1737-pp
   v.

SHERIFF SEVERSON,

               Respondent.

JOHN D. PUCHNER,

               Petitioner,

   v.                                 Case No. 20-cv-110-pp

ERIC J. SEVERSON,

               Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION (CASE NO. 19-CV-1737, DKT. NO. 11); DENYING MOTION TO STAY (CASE NO. 19-CV-1737, DKT. NO. 12); DENYING MOTION TO TRANSFER (CASE NO. 19-CV-1737, DKT. NO. 13); DENYING MOTION TO CONSOLIDATE (CASE NO. 19-CV-1737, DKT. NO. 14); DISMISSING CASE NO. 19-CV-1737; DENYINGMOTION TO CONSOLIDATE CASE (CASE NO. 20-CV-110, DKT. NO. 4); DENYING MOTION FOR EMERGENCY HEARING (CASE NO. 20-CV-110, DKT. NO. 5); DENYING MOTION TO AMEND PETITION (CASE NO. 20-CV-110, DKT. NO. 7); DISMISSING CASE NO. 20-CV-110 AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

I.    **Background**

      On November 26, 2019, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his detention in the Waukesha County Jail for contempt of court. Puchner v. Severson, Case No. 19-cv-1737-

1

pp, at Dkt. No. 1 (E.D. Wis. Nov. 26, 2019). The petition asserted that on November 11, 2019 and November 22, 2019, the petitioner was found in contempt of court and incarcerated "despite no evidence or testimony." Id. at Dkt. No. 1 at 3. On December 18, 2019, Magistrate Judge William E. Duffin issued a report recommending that this court dismiss the petition for failure to exhaust state court remedies. Dkt. No. 11. The case came to this court for final resolution.

About a month later, on January 24, 2020, the petitioner filed another petition for writ of *habeas corpus* under 28 U.S.C §2254, this time challenging a January 23, 2020 Waukesha County Circuit Court contempt order imposing sixty days of incarceration. Puchner v. Severson, Case No. 20-cv-110-pp at Dkt. No. 1 (E.D. Wis. Jan. 24, 2020). This petition asserted that the state courts would not let the petitioner file any appeals. Id. The court addresses both cases in a single order.

**I.    Puchner v. Severson, Case No. 19-cv-1737**

   A.    Judge Duffin's Report and Recommendation (Dkt. No. 11)

On December 18, 2019, Judge Duffin issued a report recommending that this court dismiss the §2241 petition for failure to exhaust state court remedies. Dkt. No. 11. Judge Duffin surveyed the petitioner's history of litigation and noted that there appeared to be two Waukesha County Circuit Court cases relevant to the federal petition: Case Number 1993FA000462, In re the Marriage of Anne C. Hepperla and John D. Puchner and Case Number

2019FA0089, <u>In re the Marriage of Marya L. Puchner and John D. Puchner</u>. <u>Id.</u>
at 1-2.

Judge Duffin's review of the state court proceedings revealed that on
November 13, 2019, the petitioner had been held in contempt of court in case
number 93FA462 for violating a "no filing" order from May 1, 2001. <u>Id.</u> On
November 22, 2019, the petitioner was held in contempt of court in case
number 19FA89; that court ordered him to serve sixty days in jail with Huber
release for not completing a psychological evaluation, twenty-one days in jail
with Huber release for not following an earlier judge's order regarding
placement, and thirty days in jail with Huber release for not paying child
support. <u>Id.</u> The thirty-day sentence was stayed after the petitioner satisfied
the purge condition. <u>Id.</u> at 4.

Judge Duffin screened the petition under Rule 4 of the Rules Governing
Section 2254 Cases. Dkt. No. 11 at 2 (citing Rule 1(b) of the Rules Governing
Section 2254 Cases). He observed that although §2241 does not explicitly
require exhaustion of state court remedies (as §2254 does), federal courts apply
the exhaustion doctrine to §2241 petitions in the interest of comity. <u>Id.</u> at 3
(citing <u>Blanck v. Waukesha Cty.</u>, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999);
<u>Neville v. Cavanagh</u>, 611 F.2d 673, 675 (7th Cir. 1979); <u>Braden v. 30th Judicial</u>
<u>Circuit Court of Ky.</u>, 410 U.S. 484, 489-92 (1973); <u>United States v. Castor</u>, 937
F.2d 293, 296-97 (7th Cir. 1991); <u>Baldwin v. Lewis</u>, 442 F.2d 29, 31-33 (7th
Cir. 1971); <u>Farrior v. Clark</u>, No. 6-c-0378, 2006 WL 1896378, at *2 (E.D. Wis.

July 10, 2006)). Judge Duffin quoted the <u>Blanck</u> court's characterization of the exhaustion doctrine:

> The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "special circumstances."

<u>Id.</u> at 3 (quoting <u>Blanck</u>, 48 F. Supp. 2d at 860). Judge Duffin noted that the petitioner had appealed the contempt order in case number 2019FA89 and that the circuit court had set a hearing for December 20, 2019 on the order to show cause for contempt. <u>Id.</u> at 4-5. Because the state court proceedings were ongoing, Judge Duffin concluded that the petitioner had not exhausted his state court remedies and was not entitled to federal relief. <u>Id.</u> at 5.

Judge Duffin concluded by acknowledging that the petitioner was subject to a "no filing order" in both the Circuit Court of Waukesha County and the Wisconsin Court of Appeals. <u>Id.</u> at 5-6 (citing <u>Puchner v. Hepperla</u>, 2001 WI App 50, ¶6, 241 Wis.2d 545, 625 N.W.2d 609) ("To make this sanction effective and meaningful and in recognition that Puchner has litigated frequently, unsuccessfully, frivolously and to harass Hepperla, we bar Puchner from commencing proceedings in this court and the circuit court arising from, relating to or involving Hepperla until the costs, fees and reasonable attorney's fees are paid in full."). Judge Duffin observed, however, that the no-filing order provided that "Puchner is not barred from filing documents in the circuit court and this court [Court of Appeals of Wisconsin] responding to any action commenced by Hepperla or any criminal proceedings commenced against him,

4

or seeking habeas corpus relief for himself or challenging incarceration." Dkt. No. 11 at 5 (quoting <u>Puchner v. Hepperla</u>, 2001 WI App 50, ¶10, n.7, 241 Wis.2d 545, 625 N.W.2d 609). Judge Duffin denied the remainder of the petitioner's pending motions. He recommended that this court dismiss the case and reminded the petitioner "that, in the event he is incarcerated in the future pursuant to a new court order, he must file a new habeas petition." <u>Id.</u> at 8.

   B.   <u>Petitioner's "Emergency Motion to Stay" (Dkt. No. 12) and Motion to Transfer (Dkt. No. 13)</u>

Two days after Judge Duffin's report and recommendation, the petitioner filed an "Emergency Motion to Stay." Dkt. No. 12. The motion asked "for reconsideration pursuant to Rule 60 of FRCP" and stated that the attached documents show "the state court system, at both levels, has already ruled against me on the orders that led to the contempt. This qualifies for exhausting the state court system." <u>Id.</u> at 1. The petitioner attached three pages to the motion for stay. The first appears to be the second page of a document prepared by attorney Julie M. Gay, with the paragraph "The attached Order dated May 1, 2001 continues in full force and effect and the clerk of court shall, therefore, refuse to accept for filing any documents submitted by the Respondent" circled and a handwritten note stating "I can't appeal." Dkt. No. 12-1 at 1. The second document is a November 11, 2019 affidavit from Administrative Specialist Maggie Ross stating that the petitioner attempted to file an emergency motion on November 11, 2019 in case number 93FA462, but that she denied the filing based on the Wisconsin Court of Appeals decision in <u>Puchner v. Puchner</u>, 2001 WI App 50, 241 Wis. 2d 545, 625 N.W.2d 609. <u>Id.</u> at

5

2. The third is a page of the publicly available case history in case number 2019FA89, with circles around the Wisconsin Supreme Court and Wisconsin Court of Appeals entries for November 25, 2019. Id.

On January 21, 2020, the petitioner filed a "Motion to Transfer from Magistrate to Judge," asking this court to enjoin the state court under Federal Rule of Civil Procedure 65. Dkt. No. 13. He repeated arguments previously made about his inability to file an appeal. Id. at 2.

C.    Analysis

The court will construe the petitioner's "emergency motion for stay" and his "motion for transfer from magistrate to Judge" as an objection to Judge Duffin's report and recommendation. The petitioner asks this court to "reconsider" Judge Duffin's order under Federal Rule of 60(b); that rule applies only to final orders. Judge Duffin did not issue a final order; Judge Duffin acted within his authority under 28 U.S.C. §636 to recommend that this court dismiss the petition. There is no "final order" for the court to reconsider under Rule 60(b).

The Federal Rules of Civil Procedure apply in *habeas* cases. Rule 12, Rules Governing Section 2254 Cases in the United States District Courts. Under Fed. R. Civ. P. 72(b)(2), a dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made").

6

The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis for the objection." <u>Johnson v. Zema Sys. Corp.</u>, 170 F.3d 734, 741 (7th Cir. 1999). The district court must conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." <u>Id.</u> at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." <u>Id.</u> (citations omitted).

In his motion to stay, the petitioner does not object to Judge Duffin's conclusion that the doctrine of exhaustion applies to §2241 petitions. He does not object to Judge Duffin's recitation of the petitioner's state court case history. He does not object to Judge Duffin's observation about the petitioner's filing bar. The petitioner's lone contention is that he cannot exhaust his state court remedies because he has not been allowed to file an appeal. Dkt. No. 12 at 1; Dkt. No. 13 at 2.

Judge Duffin's order found that the petitioner's argument about being unable to appeal was contradicted by the fact that the petitioner had an appeal of the contempt order pending in the Wisconsin Court of Appeals. Dkt. No. 11 at 5 (citing <u>Puchner v. Puchner</u>, Appeal No. 2019AP1886, available at: wscca.wicourts.gov/). Judge Duffin also examined the possibility that the petitioner's filing bar may have prevented him from filing documents but concluded that although the petitioner was subject to a no-filing order in the circuit court and court of appeals, that order did not prevent him from

7

challenging his incarceration. Dkt. No. 11 at 5 (citing <u>Puchner v. Hepperla</u>, 2001 WI App 50, ¶10, n. 7, 241 Wis.2d 545, 625 N.W.2d 609).

Judge Duffin's analysis is correct. The petitioner's contention about being unable to file an appeal is directly contradicted by publicly available records showing that he has an appeal pending in the Wisconsin Court of Appeals. <u>Puchner v. Puchner</u>, Appeal No. 2019AP001886, available at: wscca.wicourts.gov/ (last visited Apr. 30, 2020). (The appeal is consolidated with another appeal, <u>Mary L. Puchner v. John D. Puchner</u>, 2020AP000167. <u>Id.</u>) While the docket shows that in October 2019, the court of appeals ordered that no action would be taken on certain motions the petitioner had filed in that court, the appeal has proceeded; there are motions pending and an order that the appellants brief in the consolidated case is due May 27, 2020. <u>Id.</u>

The petitioner has not acknowledged that he has an appeal pending in the Wisconsin Court of Appeals. Instead, he argues that he has "exhausted" his state remedies because both the Wisconsin Supreme Court and the Wisconsin Court of Appeals have denied his motions for supervisory writs. <u>See</u> Dkt. No. 12-1 at 3. But the fact that those courts denied motions asking them to intervene in the circuit court proceedings does not have any bearing on whether the petitioner has presented his *substantive* claims to those courts for resolution.

Nor does the "no filing order" allow the petitioner to evade the exhaustion requirement. In 2001, the Wisconsin Court of Appeals surveyed the petitioner's history of litigation with his ex-wife, Anne Hepperla, writing that "[s]ince 1994,

Puchner has filed twenty cases in the court of appeals relating to postdivorce disputes involving Hepperla. Puchner has not prevailed in any case he has filed in this court." Puchner v. Hepperla, 241 Wis. 2d 545, 548 (Ct. App. 2001). The appellate court wrote that the petitioner's current appeal—challenging the circuit court's order enjoining him from having contact with Hepperla—was "filled with vindictive and scurrilous attacks upon the circuit court judge, other circuit court judges, Hepperla and her counsel. The brief is offensive, particularly as to Hepperla, against whom it levels an irrelevant but serious criminal allegation without any foundation or support." Id. at 550. Given this behavior, the Wisconsin Court of Appeals sanctioned the petitioner and ordered him to pay the attorneys' fees incurred by Hepperla in litigating the appeal.

> To make this sanction effective and meaningful and in recognition that Puchner has litigated frequently, unsuccessfully, frivolously and to harass Hepperla, we bar Puchner from commencing proceedings in this court and the circuit court arising from, relating to or involving Hepperla until the costs, fees and reasonable attorney's fees are paid in full.

Id. It instructed "the clerk of this court is [] to return unfiled any document submitted by Puchner relating to any matter arising from, relating to or involving Hepperla." Id. at 552. Finally, the order clarified that "[the petitioner] is not barred from filing documents in the circuit court and this court responding to any action commenced by Hepperla or any criminal proceeding commenced against him or seeking habeas corpus relief for himself or challenging incarceration." Id. at 552, n.7.

The petitioner cannot claim that the filing bar imposed by the court of appeals in 2001 prevented him from filing an appeal of his contempt order in

9

2019FA89 or 1993FA000462. The no-filing order applies only to cases involving the petitioner first wife, Anne Hepperla; it does not apply to any case involving the petitioner's second wife, Marya L. Puchner. And the no-filing order explicitly states that it does not prevent the petitioner from a filing "seeking habeas corpus relief for himself or *challenging incarceration.*" Puchner, 241 Wis.2d at 552, n. 7. The petitioner has not shown that the Waukesha County Clerk of Court violated this order; he submits an affidavit from Maggie Ross that says she declined to file an emergency motion for the petitioner on November 11, 2019—two days before a hearing in Case No. 1993FA00462. Dkt. No. 12-1 at 2. That does not show that the petitioner has been prevented from challenging a contempt order issued in 1993FA000462; publicly available records show that the circuit court judge did not issue an order holding the petitioner in contempt of court until November 13, 2019—two days *after* Ross declined to file the emergency petition.

Judge Duffin's conclusion rested on the fact that the petitioner had a pending appeal of the November 22 contempt order in Case No. 2019FA0089 in the Wisconsin Court of Appeals. This court's independent review of that appellate docket shows that that appeal is still pending. See Puchner v. Puchner, Appeal No. 2019AP001886, available at: wscca.wicourts.gov/ (last visited Apr. 30, 2020). It appears the court of appeals will begin briefing once the court receives the record from the consolidated case, Appeal No. 20AP167— an appeal from a January 23, 2020 order holding the petitioner in contempt. Id. Because the appeal is still pending—meaning that the petitioner yet has

available state court remedies—the court will adopt Judge Duffin's finding that the petitioner has not exhausted his state court remedies. The court will overrule the petitioner's objections and will dismiss the case for failure to exhaust.

## II. <u>Puchner v. Severson</u>, Case No. 20-cv-110

The petitioner's January 24, 2020 petition for writ of *habeas corpus* challenges a January 23, 2020 order holding him in contempt of court in Waukesha County Case Number 2019FA89. <u>Puchner v. Puchner</u>, Waukesha County Case No. 19FA89, available at wcca.wicourts.gov/ (last visited Apr. 30, 2020). The publicly available docket notes for a January 23, 2020 hearing state in part, that "[t]he Court finds Mr. Puchner failed to meet the purge condition, so the Court will enforce the 60 days Huber for Mr. Puchner for not complying with the Psychological Evaluation." <u>Id.</u> The publicly available record shows that the petitioner filed a notice of appeal the same day. <u>Id.</u>; <u>see also</u> <u>Puchner v. Puchner</u>, Appeal No. 2020AP00167, available at wscca.wicourts.gov/(last visited Apr. 30, 2020).

The petition asserts that the circuit court "violated its own order" when it sent him to jail for "not providing report when report was due from psychologist." Dkt. No. 1 at 5. The petitioner attaches an exhibit which appears to be the first page of a December 20, 2019 order from the Waukesha County Circuit Court in case number 19FA89. Dkt. No. 1-1. The petitioner circled one paragraph of this order, which states: "THEREFORE IT IS ORDERED, that Dr. McCulloch is to provide the psychological evaluation of the Respondent directly

11

to the Court and the Clerk is to seal the evaluation with access only available to the parties and the Court." Id. The petitioner adds a handwritten note that "I can't be held in contempt for her action." Id.

A.     Rule 4 Screening

Rule 4 of the Rules Governing Section 2254 Cases requires a court to "screen" the petition

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases. A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a).

The court also must consider whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). The state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). Finally, even if a petitioner has exhausted a claim, the district

12

court may be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

The petitioner faces the same problem with the 2020 petition that he faced with the 2019 petition: he has not satisfied the exhaustion requirement. Under 28 U.S.C. §2254(b), "a federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___U.S.___, 137 S. Ct. 2058, 2064 (2017)). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court upset[ting] a state court conviction without first according the state courts an opportunity to correct a constitutional violation." Davila, 137 S. Ct. at 2064, (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

The petitioner says that the state courts will not allow him to file any appeals. That's not true; he has an appeal of the contempt of court order pending in the Wisconsin Court of Appeals. Marya L. Puchner v. John D. Puchner, Appeal No. 2020AP00167, available at wscca.wicourts.gov/. As explained above, the petitioner's evidence showing that the Wisconsin Court of Appeals and Supreme Court have denied him a supervisory writ does not constitute exhaustion for purposes of §2254(b).

13

The petitioner's assertion that this court should hold a hearing "like Judge Warren did in 1996" is unpersuasive. In 1996, the petitioner brought a federal *habeas* claim under 28 U.S.C. §2254 challenging an order finding him in contempt of court. See Puchner v. Kruzicki, 918 F. Supp. 1271 (E.D. Wis. 1996). Judge Robert Warren ordered an emergency hearing on the petition and found that the state court should have held a hearing to give the petitioner an opportunity to show why his failure to comply was not willful and intentional. Id. at 1279 (citing State ex rel. V.J.H. v. C.A.B., 163 Wis.2d 833, 843, 472 N.W.2d 839, 843 (Ct. App. 1991) ("When a contemnor's liberty interests are at risk he or she must be given the opportunity to show the court that the failure to comply with the purge condition was not willful and intentional."). In Kruzicki, however, Judge Warren explicitly noted that the petitioner had exhausted his state court remedies, which allowed Judge Warren to consider his claim. Kruzicki, 918 F. Supp. at 1276 ("The Court concludes that Dr. Puchner has, in fact, exhausted his state court remedies. The highest state court was afforded an opportunity to rule on the factual and theoretical substance of Puchner's claims. Therefore, because no state remedy is currently available to him, the exhaustion requirement is satisfied."). In this case, the petitioner has not yet exhausted his state court remedies in this case because his appeals in the Wisconsin Court of Appeals remain pending.

Even were the petitioner to have exhausted his claims, his petition might be moot; the sixty-day incarceration imposed on January 23, 2020 would have run out on Monday, March 23, 2020—potentially mooting his claims. See

14

Puchner v. Kruzicki, 111 F.3d 541, 544 (7th Cir. 1997) (vacating Judge Warren's 1996 decision and remanding the case to the district court to dismiss the case as moot). Even if his claims are not moot, the most appropriate course of action for a federal court may be to abstain from hearing the case under Younger v. Harris, 401 U.S. 37 (1971). See Ehlers v. Gallegos, No. 16 C 5092, 2020 WL 43010 (N.D. Ill. Jan. 3, 2020) (finding petitioner's *habeas* challenge to contempt order—which resulted from failing to satisfy purge conditions on child support payments—not moot because it was repeatable and capable of evading review, but deeming the case proper for Younger abstention). The court need not conduct these analyses because the petitioner has not yet fully and fairly presented his claims to each level of the Wisconsin state courts. The court must dismiss this case without prejudice for the petitioner's failure to exhaust his state remedies.

   B.   Miscellaneous Motions

      1.   *Motion to Consolidate Cases*

The petitioner's February 10, 2020 motion to consolidate asked the court to combine his cases "in the name of judicial economy." Dkt. No. 4 at 1. He argued that his current cases were "identical" to the motion he brought before Judge Warren in 1996. Id. This court has dismissed both cases for failure to exhaust remedies in the Wisconsin state courts; consolidating the cases is unnecessary. And, as the court has explained, Judge Warren considered a case in which the petitioner already had exhausted his state court remedies. The court will deny the motion.

15

2.   *Emergency Motion for Hearing, Motion to Stay, Motion to Add Evidence (Dkt. No. 5)*

The petitioner's February 28, 2020 motion reiterates his belief that he has exhausted his state court remedies and that he should have been allowed to explain his inability to satisfy the purge condition under <u>Puchner v. Kruzicki</u>. 918 F. Supp. 1271 (E.D. Wis.). The court cannot consider these arguments until the petitioner exhausts his state court remedies. The court will deny the motion.

3.   *Motion to Amend Petition (Dkt. No. 7)*

The petitioner filed a motion on April 3, 2020 asking the court to allow him to amend his petition. Dkt. No. 7. The petitioner argues that he cannot pay his child support and that under the May 2001 filing bar from <u>Puchner v. Hepperla</u>, he is not allowed to file any sort of case to challenge his ability to pay that amount. <u>Id.</u> The petitioner attaches a child support bill from case number 1993FA00462 showing that he yet owes $119,986.56 in custodial arrears and custodial arrears interest. <u>Id.</u> This motion does not mention anything about being incarcerated or "in custody" under an order stemming from Case Number 1993FA00462. He does not explain how his 2001 filing bar affects his ability to appeal his contempt order in Waukesha County Case. No. 2019FA89—the case from which the January 24, 2020 petition arises.[1] The court will deny the motion to amend his petition.

---

[1] The court notes that the filing bar is a sanction which can be lifted if the petitioner pays "the costs, fees and reasonable attorney's fees awarded by the circuit court on remand" from <u>Puchner v. Hepperla</u>, 241 Wis.2d at 553.

## III.    Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because no reasonable jurist could disagree that the petitioner has not exhausted his remedies in the Wisconsin state courts.

## IV.    Conclusion

The court **DENIES AS MOOT** the petitioner's motion to consolidate the cases. Case No. 19-cv-1737, Dkt. No. 14.

The court **CONSTRUES** the petitioner's "Emergency Motion for Stay" in Case No. 19-cv-1737, dkt. no. 12, and the petitioner's "Motion to Transfer from Magistrate to Judge", Case No. 19-cv-1737, dkt. no. 13, as objections to Magistrate Judge Duffin's report and recommendation.

---

Perhaps the petitioner's most prudent course of action would be to pay the amount of the sanction in order to lift the filing bar.

The court **OVERRULES** the petitioner's objections, Case No. 19-cv-1737, dkt. nos. 12, 13, and **ADOPTS** Judge Duffin's recommendation, Case No. 19-cv-1737, dkt. no. 11.

The court **ORDERS** that the petitioner's petition for writ of *habeas corpus* under 28 U.S.C. §2241, Case No. 19-cv-1737, is **DISMISSED** for failure to exhaust state remedies.

The court **DENIES AS MOOT** the petitioner's motion to consolidate the cases. Case No. 20-cv-110, dkt. no. 4.

The court **DENIES** the petitioner's emergency motion for hearing, motion to stay, motion to add evidence. Case No. 20-cv-110, dkt. no. 5.

The court **DENIES** the petitioner's motion to amend his petition. Case No. 20-cv-110, dkt. no. 7.

The court **ORDERS** that the petitioner's petition for writ of *habeas corpus* under 28 U.S.C. §2254, Case No. 20-cv-110, is **DISMISSED** for failure to exhaust state remedies.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 30th day of April, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

Case 2:20-cv-00110-PP   Filed 04/30/20   Page 18 of 18   Document 8