UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN D. PUCHNER,

        Petitioner,

  v.                                     Case No. 20-cv-110-pp

ERIC J. SEVERSON,

        Respondent.

---

**ORDER DENYING PETITIONER'S NOTICE OF MOTION TO ADD EVIDENCE MOTION TO ADD EVIDENCE FRCP 60 B AMENDED MOTION TO RECONSIDER REQUEST FOR A HEARING (DKT. NO. 10) AND DENYING PETITIONER'S NOTICE OF MOTION TO ADD EVIDENCE REQUEST FOR A HEARING (DKT. NO. 11)**

---

On November 26, 2019, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his detention in the Waukesha County Jail for contempt of court. Puchner v. Severson, Case No. 19-cv-1737-pp at Dkt. No. 1. On January 24, 2020, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging the Waukesha County Circuit Court's January 23, 2020 contempt order imposing sixty days of incarceration. Puchner v. Severson, Case No. 20-cv-110-pp at Dkt. No. 1. The court addressed both cases in a single order dated April 30, 2020. Dkt. No. 8; Puchner v. Severson, Case No. 19-cv-1737-pp at Dkt. No. 15. The court adopted Magistrate Judge William E. Duffin's recommendation in Case No. 19-cv-1737, dismissed both cases, denied the petitioner's pending motions in both cases and declined to issue a certificate of appealability. Id.

1

On June 10, 2020—over a month after the court had dismissed this case—the court received from the petitioner a document titled "Notice of Motion to Add Evidence Motion to Add Evidence FRCP 60 b Amended Motion to Reconsider Request for a Hearing" in this case. Dkt. No. 10. A month later, the court received another document from the plaintiff, this one titled "Notice of Motion to Add Evidence Request for a Hearing." Dkt. No. 11.

The court will deny the motions.

**I.     Background**

    A.     April 30, 2020 Screening Order (Dkt. No. 8)

As the court recounted in its April 30, 2020 screening order, "[o]n December 18, 2019, Judge Duffin issued a report recommending that this court dismiss [Case No. 19-cv-1737] for failure to exhaust state court remedies." Dkt. No. 8 at 2. "Judge Duffin surveyed the petitioner's history of litigation and noted that there appeared to be two Waukesha County Circuit Court cases relevant to [the petition in Case No. 19-cv-1737]: Case Number [93FA462], In re the Marriage of Anne C. Hepperla and John D. Puchner and Case Number [19FA89], In re the Marriage of Marya L. Puchner and John D. Puchner." Id. at 2-3. The court continued:

> Judge Duffin's review of the state court proceedings revealed that on November 13, 2019, the petitioner had been held in contempt of court in case number 93FA462 for violating a "no filing" order from May 1, 2001. Id. On November 22, 2019, the petitioner was held in contempt of court in case number 19FA89; that court ordered him to serve sixty days in jail with Huber release for not completing a psychological evaluation, twenty-one days in jail with Huber release for not following an earlier judge's order regarding placement, and thirty days in jail with Huber release for not paying child support.

2

Id. The thirty-day sentence was stayed after the petitioner satisfied the purge condition. Id. at 4.

Id. at 3.

The court agreed with Judge Duffin's findings that the petitioner had not exhausted his state remedies before filing his *habeas* petition. Id. at 8-11. It concluded that while both the Wisconsin Supreme Court and the Wisconsin Court of Appeals had denied the petitioner's motions for supervisory writs, "the fact that those courts denied motions asking them to intervene in the circuit court proceedings [did] not have any bearing on whether the petitioner ha[d] presented his *substantive* claims to those courts for resolution." Id. at 8. The court described the petitioner's history of litigation with his ex-wife:

> In 2001, the Wisconsin Court of Appeals surveyed the petitioner's history of litigation with his ex-wife, Anne Hepperla, writing that "[s]ince 1994, Puchner has filed twenty cases in the court of appeals relating to postdivorce disputes involving Hepperla. Puchner has not prevailed in any case he has filed in this court." Puchner v. Hepperla, 241 Wis. 2d 545, 548 (Ct. App. 2001). The appellate court wrote that the petitioner's current appeal—challenging the circuit court's order enjoining him from having contact with Hepperla—was "filled with vindictive and scurrilous attacks upon the circuit court judge, other circuit court judges, Hepperla and her counsel. The brief is offensive, particularly as to Hepperla, against whom it levels an irrelevant but serious criminal allegation without any foundation or support." Id. at 550.

Id. at 8-9. This court quoted the Wisconsin Court of Appeals' order sanctioning the petitioner by requiring him to pay Hepperla's attorneys' fees resulting from the appeal:

> To make this sanction effective and meaningful and in recognition that Puchner has litigated frequently, unsuccessfully, frivolously and to harass Hepperla, we bar Puchner from commencing proceedings in this court and the circuit court arising from, relating

3

> to or involving Hepperla until the costs, fees and reasonable attorney's fees are paid in full.

Id. at 9 (citing Hepperla, 241 Wis. 2d at 550). The court noted the Court of Appeals' instruction to its clerk to "return unfiled any document submitted by [the petitioner] relating to any matter arising from, relating to or involving Hepperla." Id. (citing Hepperla, 241 Wis. 2d at 552).

The court also noted, however, that the Court of Appeals had clarified that "[the petitioner] is not barred from filing documents in the circuit court and [the Court of Appeals] responding to any action commenced by Hepperla or any criminal proceeding commenced against him or seeking habeas corpus relief for himself or challenging incarceration." Id. (citing Hepperla, 241 Wis. 2d at 552, n.7). This court found that the filing bar imposed by the Court of Appeals applied only to cases involving Hepperla, and that it allowed the petitioner to seek *habeas corpus* relief and challenge incarceration. Id. at 10. The court concluded that the petitioner "[could not] claim that the filing bar imposed by the court of appeals in 2001 prevented him from filing an appeal of his contempt order in [19FA89] or [93FA462]." Id. at 9-10.

The court agreed with Judge Duffin that "the petitioner had a pending appeal of the November 22 contempt order in Case No. [19FA89] in the Wisconsin Court of Appeals." Id. (citing Puchner, Appeal No. 2019AP001886 (available at wscca.wicourts.gov)). Consequently, the court adopted Judge Duffin's recommendation that it find that the petitioner had not exhausted his state court remedies, overruled the petitioner's objections and dismissed the case. Id. at 10-11.

4

Case 2:20-cv-00110-PP   Filed 02/04/21   Page 4 of 14   Document 12

Regarding the current petition—Case No. 20-cv-110—the court explained that

> [t]he petitioner's January 24, 2020 petition for writ of *habeas corpus* challenges a January 23, 2020 order holding him in contempt of court in Waukesha County Case Number 2019FA89. Puchner v. Puchner, Waukesha County Case No. 19FA89, available at wcca.wicourts.gov/ (last visited Apr. 30, 2020). The publicly available docket notes for a January 23, 2020 hearing state in part, that "[t]he Court finds Mr. Puchner failed to meet the purge condition, so the Court will enforce the 60 days Huber for Mr. Puchner for not complying with the Psychological Evaluation." Id. The publicly available record shows that the petitioner filed a notice of appeal the same day. Id.; see also Puchner v. Puchner, Appeal No. 2020AP00167, available at wscca.wicourts.gov/(last visited Apr. 30, 2020).
>
> The petition asserts that the circuit court "violated its own order" when it sent him to jail for "not providing report when report was due from psychologist." Dkt. No. 1 at 5. The petitioner attaches an exhibit which appears to be the first page of a December 20, 2019 order from the Waukesha County Circuit Court in case number 19FA89. Dkt. No. 1-1. The petitioner circled one paragraph of this order, which states: "THEREFORE IT IS ORDERED, that Dr. McCulloch is to provide the psychological evaluation of the Respondent directly to the Court and the Clerk is to seal the evaluation with access only available to the parties and the Court." Id. The petitioner adds a handwritten note that "I can't be held in contempt for her action." Id.

Id. at 11-12.

In screening the federal *habeas* petition under Rule 4 of the Rules Governing Section 2254 cases, the court concluded that the petitioner failed to exhaust state remedies. Id. at 13. As the court explained,

> [u]nder 28 U.S.C. §2254(b), "a federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___U.S.___, 137 S. Ct. 2058, 2064 (2017)). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court upset[ting] a state court

5

> conviction without first according the state courts an opportunity to correct a constitutional violation." Davila, 137 S. Ct. at 2064, (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).
>
> The petitioner says that the state courts will not allow him to file any appeals. That's not true; he has an appeal of the contempt of court order pending in the Wisconsin Court of Appeals. Marya L. Puchner v. John D. Puchner, Appeal No. 2020AP00167, available at wscca.wicourts.gov/.

Id. The court explained—as it had explained in its analysis of the petition in Case No. 19-cv-1737—that "the petitioner's evidence showing that the Wisconsin Court of Appeals and Supreme Court have denied him a supervisory writ does not constitute exhaustion for purposes of §2254(b)." Id.

The court found "unpersuasive" the petitioner's argument that because another federal judge held an evidentiary hearing in one of the petitioner's other cases, this court should hold an evidentiary hearing. Id. at 14. The court explained that "[i]n 1996, the petitioner brought a federal *habeas* claim under 28 U.S.C. §2254 challenging an order finding him in contempt of court," and that in that case, "Judge Robert Warren ordered an emergency hearing on the petition and found that the state court should have held a hearing to give the petitioner an opportunity to show why his failure to comply was not willful and intentional." Id. (citing Puchner v. Kruzicki, 918 F. Supp. 1271, 1279 (E.D. Wis. 1996)). It stressed that "[i]n Kruzicki, however, Judge Warren explicitly noted that the petitioner had exhausted his state court remedies, which allowed Judge Warren to consider his claim." Id. (citing Krusicki, 918 F. Supp. at 1276) ("The Court concludes that Dr. Puchner has, in fact, exhausted his state court remedies. The highest state court was afforded an opportunity to

6

rule on the factual and theoretical substance of Puchner's claims. Therefore, because no state remedy is currently available to him, the exhaustion requirement is satisfied.") Because his appeal of the contempt order underlying the incarceration in this case remained pending in the Wisconsin Court of Appeals, this court concluded that the petitioner had not exhausted his state remedies in *this* case. Id. at 13, 14.

The court went on to explain that even if the petitioner had exhausted his state-court remedies, his federal *habeas* claims might be moot:

> the sixty-day incarceration imposed on January 23, 2020 would have run out on Monday, March 23, 2020—potentially mooting his claims. See Puchner v. Kruzicki, 111 F.3d 541, 544 (7th Cir. 1997) (vacating Judge Warren's 1996 decision and remanding the case to the district court to dismiss the case as moot). Even if his claims are not moot, the most appropriate course of action for a federal court may be to abstain from hearing the case under Younger v. Harris, 401 U.S. 37 (1971). See Ehlers v. Gallegos, No. 16 C 5092, 2020 WL 43010 (N.D. Ill. Jan. 3, 2020) (finding petitioner's *habeas* challenge to contempt order—which resulted from failing to satisfy purge conditions on child support payments—not moot because it was repeatable and capable of evading review, but deeming the case proper for Younger abstention).

Id. at 14-15. Because the petitioner had not exhausted his state remedies, the court dismissed the case without prejudice. Id. at 15. The court also denied the petitioner's emergency motion for hearing, motion to stay, first motion to add evidence, dkt. no. 5, and his motion to amend his petition, dkt. no. 7. Id. at 18.

## II. Notice of Motion to Add Evidence Motion to Add Evidence FRCP 60 b Amended Motion to Reconsider Request for a Hearing (Dkt. No. 10)

In the petitioner's motion to add evidence, he asks the court to add to the record two exhibits attached to the motion. Dkt. No. 10 at 1. While he has not

previously filed a motion to reconsider, the petitioner asks to "amend his motion for reconsideration to include the 2 exhibits and the very brief argument herein." Id. The petitioner "prays for a hearing . . . given the now irrefutable evidence that, at least for some portion of his original complaint, the claim I could have gone to the state court system and that I have exhausted the state court remedies is utterly false." Id. The petitioner asserts that "[a]gain and again and again, the state Court system prevents me from ANY and all appeals. The state court system has been exhausted for years, it is irrefutable by their own orders." Id.

The petitioner attached to the motion a June 21, 2002 order from the Wisconsin Court of Appeals. Dkt. No. 10-1. In that order, the Court of Appeals explained that the petitioner had filed a motion to modify placement of his son in Waukesha County Circuit Court, and the circuit court declined to hear the motion due to the filing bar. Id. at 3. The petitioner appealed and asked the Court of Appeals "to allow the circuit court to hear his modification motion." Id. The Court of Appeals concluded that the appeal "must be dismissed." Id. It reasoned that (1) the petitioner failed to "compl[y] with the requirements of [Puchner v. Hepperla, 241 Wis. 2d 545 (Ct. App. 2001)] or the circuit court's May 1, 2001 order and [had] not paid the amounts assessed against him," id.; (2) its decision in Hepperla, 241 Wis. 2d 545, was binding and could not be withdrawn or modified, id.; (3) the appeal "should not have been accepted for filing because [the petitioner] ha[d] not satisfied the conditions for litigating in [the Court of Appeals]," id. at 3-4; and (4) the appeal "[did] not fall within the

8

exceptions set out in [Hepperla, 241 Wis. 2d 545] at ¶10 n.7," id. at 4. In the copy of the order he filed with this court, the petitioner circled and underlined the portion of the order clarifying that the appeal "should not have been accepted for filing because [the petitioner] ha[d] not satisfied the conditions for litigating in [the Court of Appeals]." Id. at 3.

The petitioner also attached to his motion a two-page, January 25, 2008 order from the Waukesha County Circuit Court. Id. at 6-7. In that order, the court explained that relief "could only be ordered by the family court assigned to the parties' original divorce action." Id. 6. The petitioner "filed a de novo request to review the order of Commissioner Georgeson from the January 2, 2008 hearing along with a request to review past family court orders." Id. at 7. The circuit court denied each request, reasoning that the petitioner had not shown that he "complied with the requirements of the [Hepperla, 241 Wis. 2d 545] decision or Judge J. Mac Davis' May 1, 2001 order," had not shown "that he ha[d] paid the amounts assessed against him" and the requests "all involve Hepperla." Id. On the copy submitted to this court, the petitioner circled the portion of the decision recounting the filing bar. Id.

To the extent the petitioner is asking the court to add the attached documents to the record, the court will deny the motion. The court has dismissed the case for failure to exhaust state remedies. It would be futile to allow the petitioner to add more evidence to a case that is closed. Even if the petition remained pending, the court would deny the motion to supplement. In February 2020, while the case remained pending, the petitioner filed a motion

asking for several forms of relief, including permission to add evidence. Dkt. No. 5. The court denied that motion, finding that it "reiterate[d] [the petitioner's] belief that he has exhausted his state court remedies and that he should have been allowed to explain his inability to satisfy the purge condition under Puchner v. Kruzicki, 918 F. Supp. 1271 (E.D. Wis.)". Dkt. No. 8 at 16. The court explained that it could not consider those arguments until the petitioner exhausted his state remedies. Id. That fact has not changed—the court cannot consider any substantive arguments, or any evidence the petitioner may want to present, until the petitioner has exhausted his remedies in state court.

To the extent the petitioner's motion asks the court to reconsider its decision under Rules 59(e) or 60(b), the court will deny the motion. "[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. April 19, 2010). Courts in the Seventh Circuit, however, generally apply the standards of Rule 59(e) or Rule 60(b) to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 14-cv-1862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." Rule 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment.

The petitioner filed his motion forty-one days after the court entered final judgment. That means that he filed the motion too late to seek relief under

Rule 59(e). Even if the petitioner timely filed the motion under Rule 59(e), the court would deny it. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Bilek v. Am. Home Mortg. Servicing, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was "not available at the time of briefing." Katz-Crank v. Haskett, No. 1:13-cv-00159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Such a motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." Woods v. Resnick, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)).

Nothing in the petitioner's motion convinces the court that it based its April 30, 2020 order denying the petition and dismissing the case upon a manifest error of law or fact. The state court orders from 2002 and 2008 do not constitute newly discovered evidence not available at the time of briefing. The petitioner merely reiterates his (erroneous) assertion that he has exhausted his state remedies.

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). The petitioner has not identified any mistake, inadvertence, newly discovered evidence or fraud and there is no other reason that justifies relief. The court understands that the state courts have refused to grant the petitioner hearings. The petitioner has told the court, more than once, that the state courts have barred him from seeking relief there; he implies that if the state courts won't let him litigate before them, he cannot exhaust his state remedies and so this court must allow him to proceed. The reason that the state courts have refused to allow the petitioner to finish litigating his claims before them, however, is because he has not paid the costs and fees assessed against him. It is the petitioner's failure to pay the sanctions that prevents him from exhausting his remedies, not the state courts.

### III. Petitioner's Notice of Motion to Add Evidence Request for a Hearing (Dkt. No. 11)

In the petitioner's July motion to add evidence, the petitioner asks the court to add an exhibit "as evidence for the case;" he stresses that the exhibit

12

"clearly has the statement: 'THE CLERK OF THIS COURT IS INSTRUCTED TO RETURN UNFILED ANY DOCUMENT SUBMITTED BY [THE PETITIONER] RELATING TO ANY MATTER ARISING FROM, RELATING TO OR INVOLVING HEPPERLA.'" Dkt. No. 11 at 1. He states that "[t]his clearly includes possible appeals at the state appellate level and the state Supreme Court," and that "[t]he order in question bars appeals and flagrantly violates Puchner v Kruzicki." Id. The petitioner attaches to this motion the Wisconsin Court of Appeals' decision in Hepperla, 241 Wis. 2d.

To the extent the petitioner's motion is a request to supplement the record, the court will deny the motion, for the same reasons it is denying the June motion. Further, the court discussed the attached decision in its April 30, 2020 order dismissing the *habeas* petitions. Dkt. No. 8. In its discussion of Case No. 19-cv-1737, the court described the Wisconsin Court of Appeals' decision in Hepperla, 241 Wis. 2d 545, and the filing bar it imposed on the petitioner. Id. at 4, 9. The court concluded that the filing bar did not "allow the petitioner to evade the exhaustion requirement." Id. at 8. When it turned to Case No. 20-cv-110, the court explained that "[t]he petitioner face[d] the same problem with the 2020 petition that he faced with the 2019 petition: he ha[d] not satisfied the exhaustion requirement." Id. at 13. Because it has considered the evidence the petitioner seeks to add to the record, the court will deny the motion.

13

To the extent the petitioner's motion asks the court to reconsider its decision under Rules 59(e) or 60(b), the court will deny the motion for the same reasons it denies the motion at Dkt. No. 10.

## IV. Conclusion

The court **DENIES** the petitioner's Notice of Motion to Add Evidence Motion to Add Evidence FRCP 60 b Amended Motion to Reconsider Request for a Hearing. Dkt. No. 10.

The court **DENIES** the petitioner's Notice of Motion to Add Evidence Request For a Hearing. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 4th day of February, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**